UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| KENNETH R. McDAVID, )<br>)<br>Plaintiff, )<br>v. )<br>)<br>ED BUSS, Commissioner, et al., )<br>)<br>Defendants. ) | 1:08-cv-1613-DFH-DML |

## Entry Directing Further Proceedings

### I.

The plaintiff shall have **through March 19, 2009,** in which to either pay the $350.00 filing fee for this action or demonstrate that he lacks the financial ability to do so. If he seeks leave to proceed *in forma pauperis*, his request must be accompanied by a certificate of his inmate trust account (or institutional equivalent) during the 6-month period preceding the filing of the complaint on November 20, 2008.

### II.

Plaintiff Kenneth R. McDavid ("McDavid") is incarcerated at the Westville Correctional Facility, an Indiana prison. He alleges that while he was confined at the Marion County Jail, Wayne County Jail, and Delaware County Jail, he was denied appropriate medical treatment. The defendants are the Indiana Department of Corrections Commissioner Ed Buss, Marion County Sheriff Frank Anderson, Wayne County Sheriff Matt Strittman, Delaware County Sheriff George Sheridan, Correctional Medical Services, and the Indiana Department of Insurance. McDavid seeks money damages.

### III.

The complaint alleging that McDavid has been subjected to cruel and unusual punishment at an Indiana prison through the denial of constitutionally adequate medical care is dismissed pursuant to 28 U.S.C. § 1915A because it fails to state a claim upon which relief can be granted. *Jones v. Bock,* 127 S. Ct. 910, 921 (2007)("A complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show that plaintiff is not entitled to relief."); see also *Bell Atl. Corp. v. Twombly,* 127 S. Ct. 1955, 1965 (2007)("Factual allegations [in a complaint] must be enough to raise a right to relief above the speculative level."; that is, there must be "enough facts to state a claim to relief that is plausible on its face."). The court reaches this conclusion based on the absence in the

complaint of allegations suggesting that any defendant acted with the necessary subjective element of deliberate indifference. *Farmer v. Brennan,* 511 U.S. 825, 837 (1994)(deliberate indifference exists only when an official "knows of and disregards an excessive risk to an inmate's health; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.")(construing *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)).

## IV.

The dismissal of the complaint shall not, at present, result in the dismissal of the action. Instead, the plaintiff shall have **through March 19, 2009,** in which to file an amended complaint which states a viable Eighth Amendment claim. He shall do so through the filing of an **amended complaint** which conforms to the following guidelines:

1. The amended complaint shall be a single document, in which all claims against all intended defendants are asserted.

2. The form of the amended complaint shall comply with the requirements of Rule 8(a)(2) of the *Federal Rules of Civil Procedure* that: (a) pleadings contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ,"; (b) the allegations in a complaint be made in numbered paragraphs, each of which should recite, as far as practicable, only a single set of circumstances; (c) the amended complaint is to identify what legal injury he claims to have suffered and what persons are responsible for each such legal injury; and (d) the amended complaint shall contain a clear statement of the relief which is sought.

## V.

If an amended complaint is filed as directed in Part IV of this Entry, it will be subject to the screening required by 28 U.S.C. § 1915A. *Laumann v. Raemisch,* 2008 WL 2062264, at *1 (E.D.Wis. May 13, 2008); *Zimmerman v. Hoard,* 5 F.Supp.2d 633, 635 (N.D.Ind.1998)("Section 1915A also requires the court to screen proposed amended complaints submitted by prisoners. Accordingly, the court will screen the proposed amended complaint, and grant the plaintiff's motion to file an amended complaint to the extent the claims presented therein are capable of surviving a dismissal motion pursuant to Fed.R.Civ.P. 12(b)(6)."). If no amended complaint is submitted as directed in Part IV of this Entry, the court will direct the issuance of final judgment consistent with the dismissal of the complaint in Part III of this Entry.

**So ordered.**

_____
DAVID F. HAMILTON, Chief Judge
United States District Court

Date:   2/19/2009

Distribution:

Kenneth R. McDavid
943202
Westville Correctional Center
5501 South 1100 West
P.O. Box 473
Westville, IN 46391-0473